# United States Court of Appeals
## For the First Circuit

---

**DOCKETING STATEMENT**

**No.** 23-1079            **Short Title:** Students for Fair Admissions, Inc. v. President & Fellows of Harvard College

**Type of Action**

- ☑ Civil
- ☐ Criminal/Prisoner
- ☐ Cross Appeal

A. Timeliness of Appeal
　1. Date of entry of judgment or order appealed from December 19, 2023
　2. Date this notice of appeal filed January 18, 2023
　　If cross appeal, date first notice of appeal filed N/A
　3. Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) or 4(b) N/A
　4. Date of entry of order deciding above post-judgment motion N/A
　5. Filing date of any motion to extend time under Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b) N/A
　　Time extended to N/A

B. Finality of Order or Judgment
　1. Is the order or judgment appealed from a final decision on the merits?　☐ Yes　☑ No
　2. If no,
　　a. Did the district court order entry of judgment as to fewer than all claims or all parties pursuant to Fed. R. C. P. 54(b)?　☐ Yes　☐ No
　　　If yes, explain
　　b. Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule?　☑ Yes　☐ No
　　　If yes, explain Order denying access to judicial records. See In re Boston Herald, Inc. 321 F.3d 174, 177– 78 (1st Cir. 2003).

C. Has this case previously been appealed?　☑ Yes　☐ No
　If yes, give the case name, docket number and disposition of each prior appeal
　Students for Fair Admissions, Inc. v. President & Fellows of Harvard College, Nos. 15-1823 (affirmed), 19-2055 (affirmed)

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court?　☑ Yes　☐ No
　If yes, cite the case and manner in which it is related on a separate page.　If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

E.  Were there any in-court proceedings below?   ☑ Yes   ☐ No
    If yes, is a transcript necessary for this appeal?   ☑ Yes   ☐ No
    If yes, is transcript already on file with district court?   ☑ Yes   ☐ No

F.  List each adverse party to the appeal.  If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

   1.  Adverse party President & Fellows of Harvard College
       Attorney Seth P. Waxman
       Address 2100 Pennsylvania Avenue NW, Washington, DC 20037
       Telephone 202-663-6800

   2.  Adverse party Students for Fair Admissions, Inc.
       Attorney Patrick N. Strawbridge
       Address 10 Post Office Sq, 8th Flr S PMB #706
       Telephone 703-243-9423

   3.  Adverse party
       Attorney
       Address
       Telephone

G.  List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel. Attach additional page if necessary.

   1.  Appellant's name Reporters Committee for Freedom of the Press
       Address 1156 15th Street NW, Suite 1020, Washington, DC 2005
       Telephone 202-795-9300

       Attorney's name Robert A. Bertsche
       Firm Klaris Law PLLC
       Address 6 Liberty Square #2752, Boston, MA 02109
       Telephone 857-303-6938

   2.  Appellant's name
       Address
       Telephone

       Attorney's name
       Firm
       Address
       Telephone

   Will you be handling the appeal? (In criminal cases counsel below will handle the appeal unless relieved by this court.)   ☐ Yes   ☑ No

Fed. R. App. P. 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney. 1st Cir. R. 12.0 requires that statement in the form of an appearance.

Signature  /s/ Robert A. Bertsche

Date  February 13, 2023

**RELATED CASES**

This appeal is related to the petition for a writ of mandamus docketed as *In re Reporters Committee for Freedom of the Press*, No. 23-1088 (1st Cir. Jan. 19, 2023), which seeks review of the same order of the District Court denying Appellant's motion to intervene and unseal certain judicial records.  In keeping with this Circuit's guidance, Appellant "prudently made its request for access" in this Court "through two different procedural means, each raising the same substantive issues," in order "[t]o be sure of receiving prompt review."  *In re Boston Herald, Inc.,* 321 F.3d 174, 177 (1st Cir. 2003); *see also In re Providence Journal, Inc.*, 293 F.3d 1, 9 & n.3 (1st Cir. 2002) (same); *In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990) (same). Appellant moved to consolidate the cases on February 2, 2023; that motion remains pending.